ORIGINAL

Daniel Feinberg (Calif. Bar No. 135983)
LEWIS, FEINBERG, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Phone: (510) 839-6824
Fax: (510) 839-7839
E-mail: dfeinberg@lewisfeinberg.com

James M. Finberg (Calif. Bar No. 114850)
LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111
Phone: (415) 956-1000
Fax: (415) 956-1008
E-mail: jfinberg@lchb.com

James S. Coon (Ore. Bar No. 77145)
SWANSON, THOMAS & COON
820 S.W. Second Ave., Suite 200
Portland, OR 97204
Phone: (503) 228-5222
Fax: (503) 273-9175
E-mail: jcoon@stc-law.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SCHULTZ, et al.,**<br><br>        Plaintiffs<br><br>vs.<br><br>**KIRKLAND, et al.,**<br><br>        Defendants. | Case No. **CV00-1377-HA**<br><br>**ORDER RE FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter having come before the Court upon Plaintiffs' Motion for Approval of Settlement and Plaintiffs' Motion for Attorneys' Fees and Costs, and memoranda in support thereof, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiffs, on behalf of the Class, have entered into a Settlement Agreement with

defendant Trustees which provides for settlement payments by the defendant Trustees' insurers to the 401(k) Retirement Fund of the Office and Professional Employees International Union, Local No. 11 ("401(k) Plan") in the amount of $475,000, and to the Western States Local Union Trust Fund of the Office and Professional Employees International Union ("H&W Plan") in the amount of $478,000.

2. The $475,000 settlement payment for the 401(k) Plan was deposited into an escrow account by the defendant Trustees' insurer in 2002. With accrued interest (less taxes and administrative fees), the balance of the escrow account is now approximately $478,778.95.

3. The settlement payment for the H&W Plan was not paid by the defendant Trustees' insurer, Legion Insurance Co., because Legion was placed into rehabilitation in 2002 and later into liquidation by the Pennsylvania Commissioner of Insurance.

4. Pursuant to a settlement agreement between the Parties herein and the Oregon Insurance Guaranty Association ("OIGA"), the OIGA deposited the settlement payment of $478,000 for the H&W Plan into an escrow account in July 2005.

5. By Order dated March 13, 2002, this Court certified the Class herein, preliminarily approved the proposed settlement, and directed that notice of the proposed settlement be provided to Class Members by U.S. Mail and by press releases to newspapers in the relevant geographic area.

6. The class notice process was completed by March 22, 2002.

7. The Court set a deadline for April 25, 2002, for Class Members to file objections to the proposed Settlement. No objections were filed.

8. The Notice of Proposed Settlement informed the Class that class counsel would seek attorneys' fees of not more than $100,000 and reimbursement of costs of not more than $10,000. The Court's Findings of Fact and Conclusions of Law filed May 22, 2002, directed Class Counsel to submit affadavits supporting a fee award of not more than $100,000 and a cost reimbursement of not more than $10,000 prior to issuance of any final order.

9. Class Counsel herein also served as Class Counsel in the related class actions, *Miller, et al., v. Lee Clinton, et al.*, Civil No. CV00-1317-HA and *Olsen v. Larson, et al.*, Civil

No. CV01-480-HA. As explained in Class Counsel's fee application for those cases, Class Counsel determined that the most equitable way to allocate fees and costs between the three related cases was to allocate 60% to the *Miller* action, 30% to the *Olsen* action, and 10% to the *Schultz* action based on Class Counsel's time worked on the three related cases and the recoveries obtained for the Classes. The total lodestar attorneys' fees for Class Counsel were $311,830.11 and the total costs for Class Counsel were $24,543.29 for work performed prior to the date of the fairness hearing in the related cases on May 22, 2002. The Court also approved a 1.5 fee multiplier for the attorneys' fees in the related class actions. Thus, the pre-May 22, 2002 attorneys' fees allocated to the *Schultz* action are $46,774.50, and the pre-May 22, 2002 costs allocated to the *Schultz* action are $2,454.32.

10. Class Counsel has also incurred additional attorneys' fees and costs since May 22, 2002, in order to obtain payment of the H&W Plan settlement. Class counsel's lodestar attorneys' fees from May 22, 2002 through July 18, 2005 are $19,500.00, and Class counsel's additional costs from May 22, 2002 through July 18, 2005 are $835.94.

11. Thus, Class Counsel's total request for attorneys' fees is $66,274.50 and Class Counsel's total request for reimbursement of costs is $3,290.26. Class Counsel's request for attorneys' fees and costs is substantially less than maximum figures set forth in the Class Notice.

## **CONCLUSIONS OF LAW**

1. The proposed settlement set forth in the parties' Settlement Agreement is fair, adequate and reasonable, and does not place the interests of the defendant Trustees ahead of those of the participants and beneficiaries.

2. Notice to the Class members of the proposed Settlement was reasonable and adequate, and the Court thereby has jurisdiction over said persons and parties with respect to these proceedings.

**NOW, WHEREFORE, IT IS HEREBY ADJUDGED, ORDERED AND DECREED** as follows:

1. The Settlement Agreement between the class Plaintiffs and Trustee Defendants is APPROVED;

2. Class counsel are hereby awarded their reasonable attorneys' fees of $66,274.50, and costs of $3,290.26, all funds to be paid from the H&W Plan settlement fund;

3. Notwithstanding any provision of the settlement agreement filed herewith or any other provision of this Order, to the extent that any trustee does not voluntarily repay the amounts alleged by the Receiver to be owed, the Receiver's right to seek monetary recovery or other relief from any trustee on account of fraudulent transfer claims or any other claims the Receiver may hold against the trustees by virtue of his status as Receiver of Capital Consultants, LLC, is governed by the Consent Orders signed and entered into in: *Chao v. Gary Kirkland, et al* (Case No. CV 02-441-HA); *Chao v. Abbott, et al* (Case No. CV 02-439-HA); *Chao v. Hazzard, et al* (Case No. CV 02-443-HA); *Chao v. Legino, et al* (Case No. CV 02-440-HA); *Chao v. Fullman, et al* (Case No. CV 02-442-HA) and may only be pursued in accordance with the Summary Procedure Order issued by Judge King on February 20, 2001, in *Elaine L. Chao, Secretary of the United States Department of Labor v. Capital Consultants, LLC, fka Capital Consultants, Inc., Jeffrey L. Grayson, and Barclay Grayson*, U.S.D.C. Case No. CV 00-1291 KI; and *Securities and Exchange Commission v. Capital Consultants, LLC, Jeffrey L. Grayson, and Barclay L. Grayson*, U.S.D.C. Case No. CV 00-1290 KI;

4. The individual plaintiffs and the Class are in privity with the Trustee Defendants with regard to related actions and therefore may not re-litigate claims on behalf of the Plans against these third parties arising out of the Plans' investments managed by Capital Consultants;

5. This Court hereby concurs with the claims Bar Order entered in the related action of *In Re: Consolidated Capital Consultants Litigation*, Case No 00-1290-KI, and that Bar Order shall be binding herein;

6. The next Summary Annual Report for the Plans shall include a summary of the Plans' losses from investments managed by Capital Consultants and the Plans' recoveries in this action and related claims and actions;

7. There being no just reason for delay, this Court will enter a final Judgment pursuant to FRCP 54 dismissing with prejudice as to Plaintiffs' claims against the defendant Trustees and the Plaintiffs' and defendant Trustees' Claims against the Oregon Insurance

Guaranty Association; and

8. This Court will retain exclusive jurisdiction over any disputes arising out of the interpretation and enforcement of the Settlement Agreement.

DATED this 3⊘ day of August, 2005.

                     *Malcolm F. Marsh*
for Hon. Ancer L. Haggerty
U.S. District Court Judge

S:\Cases\OPEIU Local 11.00-60\Pleadings\Final Approval Order.final.wpd